UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK D. MILLS, Sr., | No. 2:14-cv-2638-MCE-EFB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

    Petitioner, a former county prisoner who proceeds pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.[1]

    Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. Here, petitioner challenges a judgment of conviction imposed by the Placer County Superior Court pursuant to California Penal Code § 290(a), for failure to register as a sex offender. ECF No. 1. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. As explained below, this action must be dismissed because

/////

---

[1] On February 5, 2015, the court recommended that this action be dismissed after petitioner failed to pay the filing fee or request leave to proceed in forma pauperis. In light of petitioner's recent payment, the court will withdraw that recommendation.

petitioner has failed to exhaust available state remedies with respect to the claims presented in his petition.[2]

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

Here, petitioner states that he pleaded no contest to the crime for which he was convicted and that he has not filed an appeal, or a petition, application or motion concerning the conviction in any court, citing "ignorance of habeas procedure." ECF No. 1. It follows, therefore, that petitioner has not sought review of his claims in the California Supreme Court. Petitioner does not claim to have obtained from the respondent an express waiver of the exhaustion requirement. Thus, petitioner has failed to exhaust state court remedies, as the California Supreme Court has not yet had the opportunity to resolve petitioner's constitutional claims on their merits. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). This action must therefore be summarily dismissed.

Accordingly, it is ORDERED that the February 5, 2015 findings and recommendations (ECF No. 5) are vacated.

---

[2] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

Further, it is RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies;
2. The Clerk of the Court be directed to serve a copy of any order adopting these findings and recommendations, together with a copy of the November 10, 2014 petition, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California; and
3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  March 9, 2015.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE

3